**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1541

TIGRESS SYDNEY ACUTE MCDANIEL,

Plaintiff - Appellant,

v.

GREEN DOT CORPORATION; GREEN DOT BANK; FINGERHUT; BLUESTEM SALES, INC.; EXPERIAN DATA CORP.; EXPERIAN SERVICES CORP.; TRANSUNION DATA SOLUTIONS LLC; TRANSUNION LLC; EQUIFAX INFORMATION SERVICES LLC; DOES,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:22-cv-00109-RJC-DCK)

Submitted:  November 17, 2022                         Decided:  November 22, 2022

Before KING, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Tigress Sydney Acute McDaniel, Appellant Pro Se.  Camille R. Nicodemus, SCHUCKIT & ASSOCIATES PC, Zionsville, Indiana, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tigress Sydney Acute McDaniel appeals the district court's order denying McDaniel's (a) application to proceed in forma pauperis (IFP); and (b) motion for District Judge Conrad's recusal. We have jurisdiction over that part of the order denying McDaniel's IFP application because an order denying "a motion to proceed in forma pauperis is an appealable [interlocutory] order." *Roberts v. U.S. Dist. Ct.*, 339 U.S. 844, 845 (1950) (per curiam). However, on appeal, we confine our review to the issues raised in the informal brief. *See* 4th Cir. R. 34(b). Because McDaniel's informal brief does not challenge the district court's rationale for denying her IFP application, McDaniel has forfeited appellate review of that portion of the appealed-from order. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). Accordingly, we affirm as to this part of the court's order.

Turning to the remainder of this appeal, this court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). While McDaniel's informal brief restates her allegations of judicial bias, that portion of the appealed-from order—specifically, Judge Conrad's denial of McDaniel's recusal motion—is not an immediately appealable interlocutory or collateral ruling. *See In re Va. Elec. & Power Co.*, 539 F.2d 357, 363-64 (4th Cir. 1976). Accordingly, we dismiss the remainder of this appeal for lack of jurisdiction.

2

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*